IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHANTELL D. NEWMAN, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 22-1202-RGA |
| | : |
| DELAWARE DIVISION OF MOTOR VEHICLES, et al., | : |
| | : |
| Defendants. | : |

Shantell D. Newman, New Castle, Delaware.  Pro Se Plaintiff.

**<u>MEMORANDUM OPINION</u>**

December 6, 2022
Wilmington, Delaware

/s/ Richard G. Andrews
**ANDREWS, U.S. District Judge:**

Plaintiff Shantell Newman appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4). She commenced this action on September 14, 2022. (D.I. 2). The Court proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

The following facts are taken from the Complaint and assumed to be true for purposes of screening the Complaint. *See Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). Plaintiff sues Defendants Delaware Division of Motor Vehicles and the Justice of the Peace Court on the grounds that she was forced to obtain a license to travel and forced to have insurance. (D.I. 2 at 4). While not clear, it appears that Plaintiff received a traffic citation(s) and there have been threats to "take her car." (*Id.* at 7). Plaintiff alleges violations of 42 U.S.C. §§ 1983, 1985, 1986, and 18 U.S.C. § 2382.[1] (D.I. 2 at 6; D.I. 2-2).

She seeks $500,000 in compensatory damages and contracts rescinded. (*Id.* at 7).

---

[1] To the extent that Plaintiff seeks to impose criminal liability upon Defendants pursuant to the criminal statute upon which she relies, she lacks standing to proceed. *See Allen v. Administrative Office of Pennsylvania Courts*, 270 F. App'x 149, 150 (3d Cir. 2008); *United States v. Friedland,* 83 F.3d 1531, 1539 (3d Cir. 1996) ("[T]he United States Attorney is responsible for the prosecution of all criminal cases within his or her district."). The decision of whether to prosecute, and what criminal charges to bring, generally rests with the prosecutor. *See United States v. Batchelder*, 442 U.S. 114, 124 (1979).

1

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94.

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Id*.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§1915 and 1915A, the Court must grant Plaintiff leave to amend her complaint unless

2

amendment would be inequitable or futile.  See *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  A plaintiff must plead facts sufficient to show that a claim has substantive plausibility.  *See Johnson v. City of Shelby*, 574 U.S. 10 (2014).  A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted.  *See id*. at 11.

A court reviewing the sufficiency of a complaint must take three steps:  (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.  *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016).  Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief.  *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).  Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

Defendants are immune from suit.  The DMV is an agency of the State of Delaware.  "Absent a state's consent, the eleventh amendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978) (per curiam)). The

State of Delaware has not waived its sovereign immunity under the Eleventh Amendment.  *See Jones v. Attorney Gen. of Delaware*, 737 F. App'x 642, 643 (3d Cir. 2018). In addition, the DMV "is not a person" subject to claims under 42 U.S.C. § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

Similarly, Delaware's Justice of the Peace Court is immune from suit.  The Justice of the Peace Court is a state entity and, thus, immune from suit.  *See Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 239-40 (3d Cir. 2005) (concluding that Pennsylvania's First Judicial District is a state entity entitled to Eleventh Amendment immunity); *see Trammell v. Court of Common Pleas Sussex County Courthouse*, 2016 WL 7107224 (D. Del. Dec. 5, 2016).

Finally, the claim is frivolous.  While the right to travel includes "the right of a citizen of one State to enter and to leave another State," the "exact 'contours' of that right remain elusive." *Owner Operator Independent Drivers Assoc., Inc. v. Pennsylvania Turnpike Comm'n*, 934 F.3d 283, 294 (3d Cir. 2019) (citations omitted). In addition, the constitutional right to travel does not restrict the State from regulating the use of its roads as a matter of its police powers. *See United States v. Guest*, 383 U.S. 745, 759 n.17 (1966). Notably, the Supreme Court has recognized the power of states to regulate the use of motor vehicles, including requirements for registration and licenses. *Hendrick v. State of Maryland*, 235 U.S. 610, 622 (1915).

## CONCLUSION

For the above reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).  Amendment is futile.

An appropriate Order will be entered.